# United States Court of Appeals for the Fifth Circuit

No. 21-10913
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 24, 2022

Lyle W. Cayce
Clerk

SHEIK TEHUTI,

*Plaintiff—Appellant*,

*versus*

CHRISTOPHER C. COLLIE, *Attorney*, *The Collie Firm P.L.L.C.*; JOHN IVIE, III, *Attorney*, *Colvan Tran & Meredith*; CYRUS RAOUFPUR, *Owner*, *Trans-Atlas Financial*; CRAIG SMITH, *Judge*, *192 District Court*; COLVEN TRAN & MEREDITH, P.L.C.; TRANS-ATLAS FIN; ARMANI FAMILY TRUST,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CV-1582

Before HAYNES, ENGELHARDT, and OLDHAM, *Circuit Judges*.

PER CURIAM:*

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-10913

Sheik Tehuti moves for leave to proceed in forma pauperis (IFP) on appeal from the district court's dismissal of his civil action under the Racketeer Influenced and Corrupt Organizations Act. By moving for leave to proceed IFP, Tehuti is challenging the district court's certification that his appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); *see also* Fed. R. App. P. 24(a). The inquiry into an IFP movant's good faith is "limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

Tehuti argues that the magistrate judge lacked authority to sua sponte raise the issue of res judicata and that the elements of res judicata were not established. These arguments do not, however, address the district court's alternative determination that his claims were barred by the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983). Tehuti's failure to adequately brief any challenge to this alternative basis for the district court's decision is the same as if he had not appealed the district court's decision at all. S*ee Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *see also Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Accordingly, Tehuti has not established a nonfrivolous issue for appeal, his IFP motion is DENIED, and his appeal is DISMISSED as frivolous. *See* 5th Cir. R. 42.2; *Baugh*, 117 F.3d at 202 & n.24; *Howard*, 707 F.2d at 220.